UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE,

       Plaintiff,

                            Case No. 8:21-cv-1576-VMC-CPT

v.

MURRAY WILLIS and
SWIFT TRANSPORTATION CO.
OF ARIZONA, LLC,

       Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Plaintiff Jane Doe's Motion for Sanctions (Doc. # 138), filed on December 30, 2022, in which Doe seeks to strike Swift's expert Dr. Ashley Christiansen. Defendant Swift Transportation Co. of Arizona, LLC, filed its response on January 13, 2023. (Doc. # 150). For the reasons that follow, the Motion is denied.

I.   **Background**

    This case stems from an incident in which Doe claims Defendant Murray Willis sexually assaulted her while both she and Murray were driving a Swift truck.

    Swift retained Dr. Ashley Christiansen, a forensic psychologist, to perform an independent medical exam ("IME") on Doe on October 28, 2022. (Doc. # 150-1 at 1). Swift

produced her expert report pursuant to Rule 26(a) on November 7, 2022, in accordance with the Court's Case Management and Scheduling Order. (Id.; Doc. # 57). Dr. Christiansen was retained to rebut the opinion of Dr. Kathryn Sutton, plaintiff's psychological expert, by asserting that Dr. Sutton's examination method was significantly flawed and deficient based on standards in the field of forensic psychology. (Doc. # 150-1 at 38). In her forty-page report, Dr. Christiansen provided details of her method of diagnostic testing and Doe's responses during the IME that led her to conclude that Dr. Sutton failed to employ a satisfactory method. (Id. at 14-28). The report details the facts and data on which Dr. Christiansen relied, including the three evaluation procedures Doe completed during the IME (Demographic Questionnaire, Structured Clinical Interview for DSM-5 Axis Disorders (SCID-5), and Miller Forensic Assessment of Symptoms Test ("M-FAST")). (Id. at 12-13). Dr. Christiansen administered the M-FAST in the final twelve minutes of the six-hour exam. (Id. at 12).

On December 13, 2022, the day before Dr. Christiansen's deposition, Doe's counsel inquired as to whether Swift would provide the raw data from Dr. Christiansen's IME. (Doc. # 150-19 at 143:3-14). Swift noted that Doe had not propounded

2

any formal discovery request for the raw data, and, therefore, it was not required to disclose it. (Doc. ## 150-2, 150-3). That night, Doe canceled Dr. Christiansen's deposition, representing that it could not go forward unless Doe received Dr. Christiansen's raw data. (Doc. # 150-18 at 2).

The next day, Swift provided Doe with the completed Demographic Questionnaire and Dr. Christiansen's notes from the SCID-5. (Id. at 8-28). Swift indicated that Dr. Christiansen would also provide Dr. Sutton with the raw data from the M-FAST if Doe signed a release or served Dr. Christiansen with a subpoena directing her to do so – in accordance with the way in which the parties had agreed Dr. Sutton was to disclose her raw data. (Id. at 4-5). In response, Doe's counsel demanded that Swift disclose the raw data by the close of business that day, or Doe would file a motion to strike Dr. Christiansen. (Id. at 6). Swift did not produce the raw data, and Doe did not sign a release or serve a subpoena. (Id. at 6-7).

Doe filed her Motion for Sanctions on December 30, 2022. (Doc. # 138). Swift responded on January 13, 2023 (Doc. # 150). The Motion is now ripe for review.

## II.  __Legal Standard__

Federal Rule of Civil Procedure 37(c)(1) states that when "a party fails to provide information or identify a witness as required by [Federal Rule of Civil Procedure] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37 allows a district court to exclude a witness as a sanction for a Rule 26 violation. Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009).

The disclosure of the opinions of expert witnesses is mandated by Federal Rule of Civil Procedure 26(a). Under Rule 26, each expert witness must disclose a written report containing:

> (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)  the facts or data considered by the witness in forming them;
> (iii)   any exhibits that will be used to summarize or support them;
> (iv)    the witness' qualifications, including a list of all publications authored in the previous 10 years;
> (v)     a list of all cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi)    a statement of the compensation to be paid for the study and testimony in the case.

4

Fed. R. Civ. P. 26(a)(2)(B). A party may supplement its expert disclosures "when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(E). Rule 26(e), in turn, provides that supplementation is proper "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e).

## III. <u>Analysis</u>

According to Doe, the Court should strike Dr. Christiansen's testimony because (1) Swift violated Rule 26(a) and 26(e) by failing to disclose the "raw data" she relied upon to reach her opinions and (2) Swift's violation of Rule 26 was neither substantially justified nor harmless. (Doc. # 138). Swift contends that it did not violate Rule 26 and, regardless, that any such violation was substantially justified and harmless. (Doc. # 150).

First, the Court must determine whether Swift violated Rule 26 by failing to disclose Dr. Christiansen's raw data. Rule 26(a) does not itself require the production of the raw data from psychological testing. Doe cites a handful of district court cases from outside this circuit for the proposition that Rule 26 does in fact require the disclosure of raw data. However, Doe is misstating the holdings in those cases, which acknowledge only that a psychologist's raw data

is discoverable in some form – not that Rule 26(a) necessarily requires its disclosure. See Glennon v. Performance Food Grp., Inc., Case No. 2:20-cv-38, 2021 WL 3130050 (S.D. Ga July 23, 2021) (rejecting defendant's argument that the American Psychological Association ethical rules and proprietary nature of testing material prohibited disclosure of raw data to plaintiff's counsel); Starkey v. McHugh, Case No. 14-cv-02525, 2015 WL 6438762 (N.D. Ca. Oct. 23, 2015) (rejecting defendant's argument it could not disclose its expert's raw data to plaintiff unless she retained a mental health expert); In re Air Crash Near Clarence Ctr. NY, Case No. 09-cv-769S, 2013 WL 6073635 (W.D.N.Y. Nov. 18, 2013) (granting defendant's motion to compel plaintiff to provide raw data as requested by defendant's requests for production and interrogatories); McCummons v. Marougi, Case No. 08-11164, 2011 WL 1330807 (E.D. Mich. Apr. 7, 2011) (noting previous court order denying motion to exclude plaintiff's expert testimony so long as plaintiff provided raw data requested eighteen months earlier by defendant); Taylor v. Erna, Case. No. 08-10534, 2009 WL 2425839 (D. Mass. Aug. 3, 2009) (granting motion to compel psychological testing raw data be disclosed to defendant's counsel subject to a protective order).

Rule 26(a) requires only that an expert witness describe the information the expert considered in reaching her opinion. See Fed. R. Civ. P. 26(a)(2)(B)(ii) ("The report must contain . . . the facts or data considered by the witness in form [the opinions]"[.]). Rule 26 does not "require a party to disclose all of its expert's notes, calculations, and preliminary analysis." Kleiman v. Wright, No. 18-CV-80176, 2020 WL 6729362, at *7 (S.D. Fla. Nov. 16, 2020). Indeed, "Rule 26 merely requires the expert report to contain a statement of the data or other information considered by the witness in forming the opinions. The **plain language of the Rule does not require the expert to attach the data** or other information to the opinion." Id. (quoting Corwin v. Walt Disney Co., No. 6:02-cv-1377-PCF-KRS, 2004 WL 5486639, at *11 (M.D. Fla. Nov. 12, 2004)) (emphasis added). Therefore, Swift has not violated Rule 26 by failing to provide Doe with the raw data from Dr. Christiansen's examination.

Even if Swift was required under Rule 26 to disclose Dr. Christiansen's raw data, its failure to do so was both substantially justified and harmless. In determining whether a failure to comply was substantially justified or harmless, the Court considers four factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its

7

failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co., No. 19-cv-61365, 2020 WL 1515769, at *3 (S.D. Fla. Mar. 30, 2020).

"Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact." Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc., No. 6:03-cv-1860-PCF-KRS, 2005 WL 2465020, at *2 (M.D. Fla. Oct. 6, 2005). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." Bowe v. Pub. Storage, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015). "Failure to timely make the required expert witness disclosures is harmless when the party entitled to the disclosure suffers no prejudice." Kleiman v. Wright, No. 18-CV-80176, 2020 WL 6729362, at *5 (S.D. Fla. Nov. 16, 2020)

Swift's failure to disclose Dr. Christiansen's raw data is justified because its contention that it did not need to disclose it had a reasonable basis in fact and law. Doe had not propounded any discovery request that would require Swift to disclose such data, and, based on the language of Rule 26(a)(2)(B) and relevant case law, it had a good faith belief that it was not required to disclose the data under Rule 26. Indeed, as evidenced by Doe's reticence to disclose Dr. Sutton's raw data even in the face of a subpoena, neither party in this case appeared to believe that Rule 26 required the disclosure of such data.

Swift's failure to disclose the raw data is also harmless. Here, Doe had an opportunity to depose Dr. Christiansen at the agreed upon time – an opportunity she voluntarily forfeited by cancelling the deposition and failing to even attempt to reschedule it. In fact, Doe did not even request the data either by signing a release or serving a subpoena on Dr. Christiansen, as Swift indicated she should. She could have filed a motion to compel the disclosure of Dr. Christiansen's raw data or moved to extend the deadline to depose Dr. Christiansen. Instead, she chose to wait and attempt to exclude Dr. Christiansen's testimony entirely. Additionally, Doe has not explained why she would

have been unable to properly depose Dr. Christiansen without a copy of the raw data from a test that took up only twelve minutes of a six-hour IME – particularly when Dr. Christiansen's report notes in detail her observations of Doe's behavior that led her to determine Dr. Sutton's examination was flawed.

This is not a situation in which the Court will take the extreme measure of striking Swift's expert.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Jane Doe's Motion for Sanctions (Doc. # 138) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of April, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE